**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ 07962-1997
(973) 538-4006
*Attorneys for Defendant*
Facebook, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON HUHN, on behalf of himself and all persons similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>FACEBOOK, INC.,<br><br>     Defendant. | CIVIL ACTION NO. _____<br><br>**DEFENDANT FACEBOOK, INC'S NOTICE OF REMOVAL**<br><br>*Document Electronically Filed Via ECF System* |

TO:

William T. Walsh, Clerk
United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

WITH NOTICE TO:

Clerk
Superior Court of New Jersey
Washington and Court Streets
Morristown, NJ 07963

Jeremy M. Glapion, Esq.
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, NJ 07719
*Attorney for Plaintiff*
Jason Huhn

1

3429755

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, defendant Facebook, Inc. hereby removes the action entitled *Huhn v. Facebook, Inc.*, Morris County Superior Court Docket No. L-001155-16, on the grounds stated below.  Copies of this Notice of Removal are being served on Plaintiff's counsel and filed with the Clerk of the Morris County Superior Court, as required under 28 U.S.C. § 1446(d).

True and correct copies of the complaint and all other process, pleadings, and orders filed and served in the state-court action are attached to this Notice, as required under 28 U.S.C. § 1446(a).  *See* Declaration of Justina K. Sessions ("Sessions Decl.") Ex. A.

**I.    Introduction**

1.    This is a purported class action removable to federal court under the Class Action Fairness Act of 2005 ("CAFA").  Under CAFA, United States district courts have original jurisdiction over purported class actions in which class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d).

2.    These criteria are met in this case.  There is diversity between the putative class (consisting solely of New Jersey residents who have Facebook accounts) and defendant Facebook (a Delaware corporation headquartered in California).  Plaintiff has alleged a class consisting of at least 4 million members, with each purported class member seeking $100 in damages, thus exceeding CAFA's statutory minimums.  Accordingly, removal is appropriate here.

3429755

## II. The Complaint

3. Plaintiff's complaint alleges a single cause of action for violation of N.J.S.A. § 56:12-16 the New Jersey Truth-in-Consumer, Contract Warranty & Notice Act ("TCCWNA"). Specifically, Plaintiff points to Facebook's "Statement of Rights and Responsibilities," which states that "applicable law may not allow a limitation or exclusion of liability or incidental or consequential damages." Complaint ¶¶30, 34. Plaintiff alleges that Facebook's failure to explicitly state whether these provisions are or are not void in New Jersey violates TCCNWA. *Id.* ¶34. Plaintiff further alleges that New Jersey law "mandates statutory damages in the amount of $100 per consumer affected" for Facebook's alleged violation. *Id.* ¶¶ 26, 35.

4. Plaintiff styled the complaint as a "Class Action Complaint" and seeks to represent and have certified a class of "all persons within the State of New Jersey who are currently members of Facebook.com." *Id.* ¶44. Plaintiff alleges that "there are more than 4 million class members." *Id.* ¶46.

## III. Grounds for Removal

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This Court has original jurisdiction over this civil action under CAFA, which provides, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. § 1332(d)(2). CAFA subsection (d)(5)(B) further requires that the putative class include 100 or more people. As set forth more fully below, Facebook may remove this case to

this Court because (1) this case is asserted to be a "class action" as defined under CAFA; (2) the putative class includes at least 100 people; (3) the matter in controversy as alleged exceeds $5,000,000; (4) at least one member of the putative class is a citizen of a State different from the defendant; and (5) this Notice of Removal is timely filed.

### A. This case is a "class action" under CAFA.

6. CAFA permits removal of "class actions," a term defined as including "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule…authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. §§ 1332(d)(1)(B). Plaintiff's "Class Action Complaint" constitutes a "class action" under CAFA because Plaintiff purportedly "brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class." Complaint ¶ 44.

### B. The putative class has more than 100 members.

7. A class action is removable under CAFA if the "number of members of all proposed plaintiff classes" is greater than or equal to 100. 28 U.S.C. § 1332(d)(5)(B). The proposed class exceeds 100 members. Plaintiff alleges that "there are more than 4 million class members," and that "[t]he Class consists of millions of New Jersey residents." Complaint ¶¶ 46, 48.

### C. Plaintiff and Facebook reside in different states.

8. A class action is removable under CAFA if at least one class member is diverse from at least one defendant. 28 U.S.C. § 1332(d)(2).

9. Facebook is incorporated in Delaware and has its principal place of business in California. Complaint ¶ 9; *see also* Sessions Decl. Ex. B. Facebook is therefore a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) (providing that, for diversity jurisdiction

4

purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Plaintiff—and all members of the putative class—are citizens of New Jersey. Complaint ¶¶ 8, 44, 50. Thus, CAFA's diversity requirement is satisfied because Plaintiff and Facebook reside in different states.

### D. The amount in controversy exceeds $5,000,000.

10. A class action is removable under CAFA if the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether this threshold is met, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

11. The amount-in-controversy requirement is met here. Although Facebook denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations demonstrate that the total amount allegedly at issue exceeds $5,000,000. The amount in controversy may be determined "by consulting the face of the complaint and accepting the plaintiff's good faith allegations." *Dolin v. Asian American Accessories, Inc.*, 449 Fed. App'x 216, 218 (3d Cir. 2011).[1] Plaintiff alleges that there are "more than 4 million" class members, and that each class member is entitled to $100 in statutory damages under TCCWNA. Complaint ¶ ¶ 46, 65. Aggregated, these millions of putative class members' $100 claims total over $5 million.

### E. None of CAFA's exceptions applies.

12. None of the CAFA's exceptions to federal jurisdiction applies in this case. Facebook is the only defendant and is not a resident of New Jersey, so the "home state" and "local controversy" exceptions of 28 U.S.C. §1332 (d)(3) and (d)(4) do not apply. Subsection

---

[1] *See also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls."); *Samuel-Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

5

3429755

(d)(5) does not apply because no state or governmental entity is named as a defendant and the proposed plaintiff class exceeds 100.

### F. Facebook's removal is timely.

13. A notice of removal must be filed within 30 days after the defendant was served with a complaint or summons. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999). Facebook was served no earlier than May 25, 2016. *See* Sessions Decl. Ex. A (summons dated May 25, 2015). Thus, Facebook may remove this action on or before June 24, 2016.

## IV. Venue

14. Removal venue lies in this Court because the complaint was originally filed in a state court within this District. 28 U.S.C. §110 and 28 U.S.C. § 1441(a). Facebook does not concede, however, that venue is appropriate or convenient in this District for all purposes.

## V. Preservation of Defenses

15. Facebook expressly reserves all of its defenses. By way of non-limiting example, Facebook denies that Plaintiff has adequately stated a claim for relief, and Facebook further denies that it has any liability to Plaintiff or the putative class.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1446 and 1453.

**PORZIO, BROMBERG & NEWMAN P.C.**
100 Southgate Pkwy., PO Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
spbenenson@pbnlaw.com
*Attorneys for Defendant*
Facebook, Inc.

Date:  June 22, 2016

By:   *s/ Steven P. Benenson*
      Steven P. Benenson
      An Attorney of the Firm

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date, I caused to be mailed via Lawyers Service a Notice to Adverse Party of Filing of Notice of Removal enclosing a copy of the foregoing Notice of Removal and exhibits thereto, as well as a copy of a Notice to Clerk of the Superior Court of Filing of Notice of Removal, to the following counsel for plaintiff:

  Jeremy M. Glapion, Esq.
  The Glapion Law Firm, LLC
  1704 Maxwell Drive
  Wall, NJ 07719
  *Attorney for Plaintiff*
  Jason Huhn

  I further certify that on this date, I caused to be mailed via Lawyers Service a Notice to Clerk of the Superior Court of Filing of Notice of Removal, to:

  Clerk
  Superior Court of New Jersey
  Washington and Court Streets
  Morristown, NJ 07963

                *s/ Steven P. Benenson*
Date:  June 22, 2016          Steven P. Benenson

3429755