# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Jeremy M. Glapion |
| Office Address | 1704 Maxwell Drive |
| Town, State, Zip Code | Wall, NJ 07753 |
| Telephone Number | (732) 455-9737 |
| Attorney(s) for Plaintiff | Jason Huhn |

**Superior Court of New Jersey**

| | |
|---|---|
| Morris | COUNTY |
| Law | DIVISION |

Docket No: L-001155-16

Jason Huhn, et al.

     Plaintiff(s)

Vs.

Facebook, Inc.

     Defendant(s)

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith, Esq.*

Clerk of the Superior Court

DATED:    05/25/2016

Name of Defendant to Be Served:    Facebook, Inc.

Address of Defendant to Be Served:    1601 Willow Road, Menlo Park, CA 94025

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**Appendix XII-B1**

<table>
<tr>
<td rowspan="3"></td>
<td colspan="2" align="center">

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
If information above the black bar is not completed
or attorney's signature is not affixed**
</td>
<td>

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:
</td>
</tr>
</table>

| ATTORNEY / PRO SE NAME<br>Jeremy M. Glapion | TELEPHONE NUMBER<br>(732) 455-9737 | COUNTY OF VENUE<br>Morris |
|---|---|---|
| FIRM NAME (if applicable)<br>Glapion Law Firm | | DOCKET NUMBER (when available)<br>MRS L 1155-16 |
| OFFICE ADDRESS<br>1704 Maxwell Drive<br>Wall, NJ 07719 | | DOCUMENT TYPE<br>Complaint<br><br>JURY DEMAND ■ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Jason Huhn | CAPTION<br><br>Jason Huhn, et al. v. Facebook, Inc. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>599 | HURRICANE SANDY<br>RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES ■ NO<br><br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (If known)<br>☐ NONE<br>■ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL              ■ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE:   *Jeremy Glapion*

Effective 12-07-2015, CN 10517-English                                                    page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN

290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300 TALC-BASED BODY POWDERS
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ■ **Putative Class Action**   ☐ **Title 59**

**SUPERIOR COURT OF NEW JERSEY
MORRIS COUNTY**

RECEIVED & FILED
SUPERIOR COURT

2016 MAY 20   A 11: 29

MORRIS COUNTY
CIVIL DIVISION

JASON HUHN, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

FACEBOOK, INC.,

Defendant.

Civil Case No.:

**CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

### INTRODUCTION

1.      This action arises out of Defendant Facebook, Inc.'s ("Defendant") violation of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. § 56:12-14, *et seq.*

2.      As part of Plaintiff Huhn's use of the service, Plaintiff Huhn was required to agree to Defendant Facebook's "Statement of Rights and Responsibilities."

3.      The Statement contains a provision stating that it may be inapplicable in certain jurisdictions, without specifying whether or not this, or any other, provision is or is not applicable in New Jersey.

4.      This language directly violates N.J.S.A. § 56:12-16, which states that "[n]o consumer contract, notice, or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

5.      Accordingly, Plaintiff, and all those similarly situated, are entitled to a minimum of $100 each, pursuant to N.J.S.A. § 56:12-17.

### JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within Morris County and contracts with millions of New Jersey residents.

7.      Venue is proper in this District under N.J. Rule 4:3-2 because Defendant conducts significant amounts of business transactions in Morris County, and therefore, pursuant to N.J. Rule 4:3-2(b), resides in Morris County.

## PARTIES

8.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of Kenvil, New Jersey.

9.      Defendant Facebook, Inc. is, and at all times mentioned herein was, a Delaware corporation headquartered in Menlo Park, California.

10.     Defendant's 2015 full-year revenue was $17.93 billion.

## FACTS

### I.    Facebook and its Business Model

11.     Defendant owns and operates the world's largest social network ("Facebook"), with approximately 1.65 billion monthly active users, including more than 150 million in the United States alone.

12.     As of 2010, it was estimated that there were more than 4 million Facebook users in New Jersey alone.

13.     Defendant provides a service at Facebook.com which, in Defendant's own words, is "a mobile application and website that enables people to connect and share through mobile devices and personal computers." (Form 10-K Annual Report, January 28, 2016.)

14.     In order to sign up for Facebook, users must agree to Defendant's "Statement of Rights and Responsibilities" ("Statement").

15.     The registration page for facebook.com states that "[b]y clicking Sign Up, you agree to our Terms and that you have read our Data Policy, including our Cookie Use," with "Terms," "Data Polcy," and "Cookie Use" being hyperlinks, and the "Terms" hyperlink directing users to the Statement.

16.     Furthermore, the Statement itself states that "[b]y using or accessing the Facebook services, you agree to this Statement, as updated from time to time[.]"

17.     While ostensibly "free" to use, users are actually required to provide several types of valuable consideration to Defendant, which are listed in the mandatory Statement.

18.     First, a Facebook user gives Defendant "a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook." "IP Content" is defined as "content that is covered by intellectual property rights, like photos and videos." (Statement, § 2.1.)

19.     Second, a user gives Defendant permission to "use [user's] name, profile picture, content, and information in connection with commercial, sponsored, or related content (such as a brand [user] like[s]) served or enhanced by us. This means, for example, that [user] permit[s] a business or other entity to pay us to display [user's] name and/or profile picture with [user's] content or information, without any compensation to [user]." (Statement, § 9.1.)

20.     According to Defendant's data policy, "information" in the above quoted paragraph includes "information you provide when you use our Services, including when you sign up for an account, create or share, and message or communicate with others[.]"

21.     In other words, a person who signs up for Facebook but never takes any other actions has nonetheless provided Defendant the right to use that information for its commercial benefit.

22.     These two pieces of valuable consideration are the entire foundation upon which Defendant's business is based.

23.     Defendant's most recent 10-K report makes this clear: "We generate substantially all of our revenue from selling advertising placements to marketers. Our ads let marketers reach people based on a variety of factors including age, gender, location, interests, and behaviors." (Form 10-K Annual Report, January 28, 2016.)

24.     The "age, gender, location, interest, and behaviors" Defendant uses to allow marketers to target certain demographics is the information to which Facebook users grant Defendant use through section 9.1 of the Statement.

25.     In other words, in exchange for ongoing[1] access to Facebook.com, users give Defendant valuable consideration in the form of information and intellectual property and the right to use that information and intellectual property commercially. Defendant then takes that information and permits advertisers to use that information to target advertisements at certain demographic groups, in exchange for a different form of valuable consideration (i.e. money).

## II.     The TCCWNA

26.     N.J.S.A. § 56:12-16 provides that "[n]o consumer contract, notice, or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions

---

[1] This access can be terminated by either party, pursuant to Section 14 of the Statement, which says that "[i]f you violate the letter or spirit of this Statement, or otherwise create risk or possible legal exposure for us, we can stop providing all or part of Facebook to you.... You may also delete your account or disable your application at any time."

without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

27.     In order to plead a violation TCCWNA Section 16, a plaintiff must allege three elements: (1) the existence of consumer contract, notice, or sign that is or may be used in multiple jurisdictions; (2) which states, either expressly or implicitly, that any of its provisions may be void, unenforceable, or inapplicable in some jurisdictions; and (3) that the consumer contract, notice, or sign fails to specify which provisions are or are not void, unenforceable, or inapplicable in New Jersey. *See, e.g. Kendall v. CubeSmart L.P.*, Case No. 15-6098, 2016 U.S. Dist. LEXIS 53668, *31 (D.N.J. Apr. 21, 2016) (Wolfson, J.)

28.     The Statement constitutes a "notice" or "sign" under the TCCWNA.

29.     This same Statement is used for every Facebook user in the United States; as such, it is used in, and is intended to be used in, in multiple jurisdictions.

30.     Section 15.3 (as of May 2016) of this Statement reads, in relevant part, as follows:

> WE WILL NOT BE LIABLE TO YOU FOR ANY LOST PROFITS OR OTHER CONSEQUENTIAL, SPECIAL, INDIRECT, OR INCIDENTAL DAMAGES ARISING OUT OF OR IN CONNECTION WITH THIS STATEMENT OR FACEBOOK, EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. OUR AGGREGATE LIABILITY ARISING OUT OF THIS STATEMENT OR FACEBOOK WILL NOT EXCEED THE GREATER OF ONE HUNDRED DOLLARS ($100) OR THE AMOUNT YOU HAVE PAID US IN THE PAST TWELVE MONTHS.
>
> APPLICABLE LAW MAY NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY OR INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU. IN SUCH CASES, FACEBOOK'S LIABILITY WILL BE LIMITED TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.

31.     This provision clearly states, expressly and impliedly, that it may be inapplicable in some jurisdictions.

32.     This provision does not, however, state whether this provision is or is not void, unenforceable, or inapplicable in New Jersey.

33.     Defendant was plainly capable of acknowledging the obligations and laws of other states in its Statement, as the Statement includes the following:

> IF YOU ARE A CALIFORNIA RESIDENT, YOU WAIVE
> CALIFORNIA CIVIL CODE §1542, WHICH SAYS: A
> GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

34.     Accordingly, because Defendant failed to include in its Statement whether or not the above-quoted section is or is not applicable in New Jersey, it violates N.J.S.A. § 56:12-16.

35.     The TCCWNA mandates statutory damages in the amount of $100.00 per consumer affected, as well as attorney's fees and costs. N.J.S.A. § 56:12-17.

### III.     Plaintiff Huhn's Facts

36.     Plaintiff Huhn is a member of Facebook.com and subject to those terms of the Statement deemed enforceable.

37.     Facebook.com is a service.[2]

---

[2] If it is not immediately apparent, even Defendant believes its products are services, writing "Facebook offers a wide variety of products and services, including communications and advertising platforms. Many of these products and services – such as the Facebook mobile app, Messenger, and Paper – are part of your Facebook experience." https://www.facebook.com/help/1561485474074139, last accessed May 17, 2016.

38.   Plaintiff Huhn has also downloaded the Facebook mobile application and the Facebook Messenger application.

39.   Plaintiff Huhn's use of Facebook.com, the mobile application, and the Messenger application is primarily for personal purposes.

40.   Plaintiff Huhn has provided Defendant with valuable consideration in the form of a right to use his information and a license to use any IP content he posts on Facebook.com.

41.   Plaintiff Huhn is therefore a "consumer"[3] because he has bought, borrowed, and/or leased access to the Facebook services.

42.   Plaintiff Huhn is subject to the above-quoted provision in the Statement that violates N.J.S.A. § 56:12-16.

43.   Plaintiff is entitled to statutory damages and attorney's fees and costs.

## CLASS ACTION ALLEGATIONS

44.   Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> All persons within the State of New Jersey who are currently members of Facebook.com.
>
> ("Class")

45.   Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

---

[3] Indeed, Defendant's executives frequently refer to Facebook's users as "consumers."

46.     The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 4 million class members.

47.     The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

      a.  The names, email addresses, and location information for all of its users; and

      b.  The time period during which Defendant used various iterations of its Statement of Rights and Responsibilities.

48.     The Class consists of millions of New Jersey residents.

49.     There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

      a.  Whether Defendant's Statement of Rights and Responsibilities complies with the TCCWNA;

      b.  Whether Defendant required Facebook members to agree to the Statement of Rights and Responsibilities to use, or continue to use, Facebook.com;

      c.  Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

      d.  Whether the Statement of Rights and Responsibilities should be voided.

50.     Plaintiff is a member of the Class in that he is currently a member of Facebook and subject to the Statement of Rights and Responsibilities.

51.   Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories underpinning Class members' claims.

52.   Plaintiff has no interests antagonistic to, or in conflict with, the Class.

53.   Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

54.   Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

55.   The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

56.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

57.   Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of N.J.S.A. § 56:12-16

58.   Plaintiff and the putative Class incorporate the foregoing allegations as if fully set forth herein.

59.   Plaintiff and putative Class members were required to agree to the Statement of Rights and Responsibilities as a condition of their use of Facebook.com.

60.   This Statement of Rights and Responsibilities is a notice or sign under the TCCWNA.

61.    This Statement of Rights and Responsibilities is used in, and intended to be used in, multiple jurisdictions.

62.    This Statement of Rights and Responsibilities contains a provision which expressly and impliedly states that it may be inapplicable in some jurisdictions.

63.    This Statement of Rights and Responsibilities fails to state whether this provision is or is not applicable in New Jersey, as required by N.J.S.A. § 56:12-16.

64.    Accordingly, this provision violates N.J.S.A. § 56:12-16.

65.    Plaintiff and Class members are entitled to $100 per class member, pursuant to N.J.S.A. § 56:12-17.

66.    Plaintiff and Class members also petition the Court to void this provision of the Statement of Rights and Responsibilities.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jason Huhn prays for the following relief:

A.    An order declaring that Defendant's actions, as set out above, violate N.J.S.A. § 56:12-16;

B.    An order certifying the class as defined;

C.    An order appointing Plaintiff Huhn as representative of the certified class and appointing his counsel as Class counsel;

D.    An award of statutory damages;

E.    An award of reasonable attorneys' fees and costs; and

F.    Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 18, 2016

THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN        NJ 07960

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    MAY 23, 2016
                    RE:      HUHN VS FACEBOOK INC
                    DOCKET: MRS L -001155 16

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT J. BRENNAN

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (973) 656-4106.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                        ATT: JEREMY M. GLAPION
                        GLAPION LAW FIRM
                        1704 MAXWELL DRIVE
                        WALL            NJ 07719

JUXKURO

# EXHIBIT B

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

---

**FORM 10-K**

---

(Mark One)

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the fiscal year ended December 31, 2015
or

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
For the transition period from          to
Commission File Number: 001-35551

# FACEBOOK, INC.

**(Exact name of registrant as specified in its charter)**

---

| Delaware | 20-1665019 |
|---|---|
| **(State or other jurisdiction of incorporation or organization)** | **(I.R.S. Employer Identification Number)** |

**1601 Willow Road, Menlo Park, California 94025**
**(Address of principal executive offices and Zip Code)**
**(650) 543-4800**
**(Registrant's telephone number, including area code)**

**Securities registered pursuant to Section 12(b) of the Act:**

| Class A Common Stock, $0.000006 par value | The NASDAQ Stock Market LLC |
|---|---|
| **(Title of each class)** | **(Name of each exchange on which registered)** |

**Securities registered pursuant to Section 12(g) of the Act:**
**None**
**(Title of class)**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 (Exchange Act) during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Website, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).   Yes ☒   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§ 229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See definition of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

| Large accelerated filer | ☒ | | Accelerated filer | ☐ |
|---|---|---|---|---|
| Non-accelerated filer | ☐ (Do not check if a smaller reporting company) | | Smaller reporting company | ☐ |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   Yes ☐   No ☒

The aggregate market value of the voting and non-voting stock held by non-affiliates of the registrant as of June 30, 2015, the last business day of the registrant's most recently completed second fiscal quarter, was $198 billion based upon the closing price reported for such date on the NASDAQ Global Select Market.

On January 25, 2016, the registrant had 2,294,939,865 shares of Class A common stock and 551,340,611 shares of Class B common stock outstanding.

**DOCUMENTS INCORPORATED BY REFERENCE**
Portions of the registrant's Proxy Statement for the 2016 Annual Meeting of Stockholders are incorporated herein by reference in Part III of this Annual Report on Form 10-K to the extent stated herein. Such proxy statement will be filed with the Securities and Exchange Commission within 120 days of the registrant's fiscal year ended December 31, 2015.