# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON HUHN, on behalf of himself and all persons similarly situated,<br><br><br>                              Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC.,<br>                              Defendant. | Civil Action No.: 2:16-cv-03681-KM-JBC<br><br><br><br><br><br>*Document Electronically Filed Via ECF System* |

---

## BRIEF IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO TRANSFER

---

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Pkwy., P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax

*Attorneys for Defendant*
Facebook, Inc.

3450754

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................. ii

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF RELEVANT FACTS.................................................2

III.    ARGUMENT............................................................................................3

        A.      Legal Standard.............................................................................3

        B.      The Forum-Selection Clause Applies to this Dispute ...........4

        C.      Facebook's Forum-Selection Clause is Valid .......................4

        D.      The Public Interest Favors Transferring this Case to the
                Northern District of California ...............................................6

IV.     CONCLUSION.......................................................................................9

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## CASES

*Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093
(C.D. Cal. 2010)..................................................................................6

*Am. Libraries Ass'n v. Pataki*, 969 F. Supp. 160
(S.D.N.Y. 1997)..................................................................................8

*Archdiocese of St. Louis v. Internet Entm't Grp., Inc.*, No.
4:99CV27SNL, 1999 WL 66022 (E.D. Mo. Feb. 12, 1999) ..............8

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
134 S. Ct. 568 (2013)...................................................................*passim*

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) .......................4

*E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894
(S.D. Ill. 2012) ...................................................................................6

*Franklin v. Facebook Inc.,* No. 1:15-cv-00655-LMM,
2015 WL 7755670 (N.D. Ga. Nov. 24, 2015) ....................................5

*Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829 (S.D.N.Y. 2012) ................5

*Miller v. Facebook, Inc.*, No. 1:09-CV-2810-RLV,
2010 WL 9525523 (N.D. Ga. Jan. 15, 2010)..................................6, 7

*Song fi, Inc. v. Google Inc.*, 72 F. Supp. 3d 53
(D.D.C. Oct. 29, 2014).......................................................................7

## UNITED STATES CODE

28 U.S.C. § 1404(a) .....................................................................1, 3, 9

## STATUTES

2012 Cal. Leg. Serv. Ch. 733 § 1(a)(1) (S.B. 1161)
(Sept. 28, 2012)..................................................................................8

N.J.S.A. § 56:12-16................................................................................2

Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court enforce the parties' forum-selection clause and transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## I.      INTRODUCTION

Under the U.S. Supreme Court decision in *Atlantic Marine Construction*, courts must enforce a valid forum-selection clause regardless of the plaintiff's choice of forum, inconvenience to the parties or any other private interest. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). Indeed, only under "extraordinary circumstances" may a court decline to enforce a forum-selection clause. *Id.* at 581-82.

This case does not present extraordinary circumstances. To the contrary, this case presents a typical forum-selection issue. Plaintiff admits that he voluntarily entered into an agreement with Facebook that serves as the very basis for his claim in this action. That agreement contains a valid forum-selection clause—a clause that has been universally upheld by the numerous federal courts that have considered it—requiring this case to be brought in the Northern District of California. And in this case, public policy is not just consistent with, but *favors* enforcing the parties' choice of forum. The Court should grant Facebook's motion to transfer.

1

## II.   STATEMENT OF RELEVANT FACTS

Each person who registers for and uses Facebook must agree to Facebook's terms of service, which are called the "Statement of Rights and Responsibilities" ("SRR").  Plaintiff's Class Action Complaint ("Complaint") ¶¶ 14, 15 (ECF #1-2 pp. 5-15); Declaration of Jeannie Farren in Support of Motion to Transfer ("Farren Decl." Ex. 1).  Plaintiff alleges that he entered into the SRR with Facebook. Complaint ¶ 36.  The SRR contains a forum-selection clause:

> You will resolve any claim, cause of action or dispute (claim) you have with us arising out of or related to this Statement or Facebook exclusively in **the U.S. District Court for the Northern District of California or a state court located in San Mateo County**, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims.

Farren Decl. at Ex. 1, Section 15.1 (emphasis added).

Plaintiff's sole cause of action is that Section 15.3 of the SRR violates the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). Complaint ¶ 34.  Specifically, Plaintiff claims that Facebook violated TCCWNA because the statute prohibits use of a consumer contract which states that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions "without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."  N.J.S.A. § 56:12-16.  Plaintiff does not allege that any provision of the SRR is in fact "void, unenforceable or inapplicable."  Instead, he claims that the SRR violates TCCWNA merely because

2

the SRR does not explicitly state that none of its provisions are void in New Jersey. As set forth in Facebook's motion to dismiss, filed herewith, that claim is entirely spurious. But the Court need not reach the merits of this action because it must be adjudicated in the Northern District of California.

### III.   ARGUMENT

The parties agreed to a forum-selection clause relating to disputes between them that must be enforced absent extraordinary circumstances not present here. This Court should follow every other court to have adjudicated Facebook's forum-selection clause and transfer this case to the Northern District of California.

### A.   Legal Standard

A forum-selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co.*, 134 S. Ct. 568 at 579. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Forum-selection clauses are presumptively valid and enforceable. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-595 (1991). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary

3

circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co.,* 134 S. Ct. at 581.

When evaluating the Section 1404(a) factors, a court gives ***no weight*** to the plaintiff's choice of forum and private interests—the only factors that the court may consider are public-interest factors.  *Atl. Marine*, 134 S. Ct. at 582 (emphasis added).  Even public-interest factors "will rarely defeat a transfer motion" and thus "the practical result is that forum-selection clauses should control except in unusual cases."  *Id.*

### B.    The Forum-Selection Clause Applies to this Dispute.

Plaintiff's sole claim is that Section 15.3 of the SRR violates TCCWNA by failing to state whether or not Section 15.3 applies in New Jersey.  Complaint ¶ 34.  Thus, this is a dispute "arising out of or related to" the SRR, which requires transfer to the Northern District of California.  Farren Decl., Ex.1 at § 15.1.

### C.    Facebook's Forum-Selection Clause is Valid.

The forum-selection clause is presumptively valid and Plaintiff cannot make the required strong showing that enforcement would be unfair or unreasonable.  *Shute*, 499 U.S. at 593-95.  For example, he does not allege that the SRR was procured by fraud or overreaching.  Rather, Plaintiff affirmatively relies on the SRR and its application to him as the basis for his claim.  Complaint ¶¶ 34, 36.  To the extent that Plaintiff argues that the clause is unfair because litigating in

4

California is more burdensome for him than litigating in New Jersey, that consideration is irrelevant because "private interests" cannot be considered as part of the transfer analysis. *Atl. Marine,* 134 S. Ct. at 581; *see id.* at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

Not only is the forum-selection clause in this case *presumptively* valid, every federal court to have considered it (and there have been many) has determined that it is *actually* valid.  Indeed, a district court recently noted that it was unable to find a single instance when a court denied a Section 1404(a) motion by Facebook to enforce its forum selection clause, even in cases predating the Supreme Court's 2013 decision in *Atlantic Marine*:

> The Court ***cannot identify a single instance where any federal court has struck down Defendant's SRR*** as an impermissible contract of adhesion induced by fraud or overreaching or held the forum selection clause now at issue to be otherwise unenforceable due to public policy concerns.

*See Franklin v. Facebook Inc.,* No. 1:15-cv-00655-LMM, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015)[1] (emphasis added) (citing *Fteja v. Facebook, Inc*., 841 F. Supp. 2d 829, 838-39 (S.D.N.Y. 2012) (comparing Facebook's SRR to the language on the back of a cruise ticket containing a forum-selection clause);

---

[1] July 13, 2016 Declaration of Eliyahu Scheiman in Support of Defendant's Motion to Transfer ("Scheiman Decl."), Ex. A.

5

*E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 900-903 (S.D. Ill. 2012) (finding Facebook's forum-selection clause to be mandatory, reasonable, not in contravention of public policy, and enforceable); *Miller v. Facebook, Inc.*, No. 1:09-CV-2810-RLV, 2010 WL 9525523, at *1 (N.D. Ga. Jan. 15, 2010) (noting the public-policy concern that "[e]ven if the court were to assume without deciding that the [SRR] was a contract of adhesion, striking the forum selection clause could wreak havoc on the entire social-networking internet industry.")).[2]

### D.   The Public Interest Favors Transferring this Case to the Northern District of California

This action must be transferred absent a strong showing that the public interest requires the "unusual" step of denying a motion to transfer. *Atl. Marine*, 134 S. Ct. at 582.  Not only will Plaintiff be unable to make such a showing, but the public interest favors ***enforcing*** the forum selection-clause in this case.

The public has a strong interest in enforcing forum-selection clauses that provide consistency and certainty to companies—like Facebook—that provide free services to people all over the world.  Courts have long recognized the "importance of enforcing choice of law provisions for businesses with nationwide customers to limit the risk and expenses of litigation under different laws in every state." *Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093, 1096 (C.D. Cal. 2010).  The need for certainty is even more acute for companies that provide Internet-based services

---

[2] Scheiman Decl., Ex. B.

because those services can be accessed nearly anywhere.  Indeed, the advent of smartphone-based applications (such as the Facebook mobile application that Huhn downloaded) means that people may use Internet-based services while traveling from jurisdiction to jurisdiction.  The failure to enforce such forum-selection clauses would cause significant disruption both for Internet companies and their millions of users:

> [S]triking the forum selection clause could wreak havoc on the entire social-networking internet industry. If this court were to determine that the forum selection clause contained in Facebook's TOU was unenforceable, the company could face litigation in every state in this country and in nations around the globe which would have potential adverse consequences for the users of Facebook's social-networking site and for other internet companies.

*Miller*, 2010 WL 9525523, at *1; *see also Song fi, Inc. v. Google Inc*., 72 F. Supp. 3d 53, 64 (D.D.C. 2014) ("[B]ecause many millions of users from across the globe create accounts and upload videos on YouTube's website free of charge, the forum-and-venue-selection clause is necessary to manage the costs of litigation and reduce the burden to YouTube personnel of litigating all over the world.") (internal marks omitted).

The enforcement of forum-selection clauses also benefits consumers by encouraging and protecting innovation.  As the California Legislature has stated, "[t]he continued vitality and success of California's technology and innovation sector of the economy is dependent on a business climate that supports the national

7

and international nature of the Internet."  2012 Cal. Leg. Serv. Ch. 733 § 1(a)(1) (S.B. 1161) (Sept. 28, 2012).[3]  Denying Internet companies certainty regarding what laws will apply to them—or subjecting them to an unpredictable patchwork of potentially conflicting state regulations—could "chill free speech and the rapidly expanding field of Internet commerce."  *Archdiocese of St. Louis v. Internet Entm't Grp., Inc.*, No. 4:99CV27SNL, 1999 WL 66022, at *3 (E.D. Mo. Feb. 12, 1999).[4]  Or worse, "these inconsistent regulatory schemes could paralyze the development of the Internet altogether."  *Am. Libraries Ass'n v. Pataki*, 969 F. Supp. 160, 181 (S.D.N.Y. 1997).

Here, it is in the public's interest to enforce the parties' forum-selection clause, and in any event, Plaintiff cannot overcome the strong presumption of enforcement.  Because "'the interest of justice' is served by holding parties to their bargain," the Court should enforce the parties' agreement to litigate in California. *Atl. Marine Constr. Co.*, 134 S. Ct. at 583.

---

[3] Scheiman Decl., Ex. C.

[4] Scheiman Decl., Ex. D.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Facebook's motion to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).


Date:  July 13, 2016

By:   *s/ Steven P. Benenson*
_____
Steven P. Benenson
Eliyahu S. Scheiman
ATTORNEYS OF THE FIRM

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Pkwy., P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
*spbenenson@pbnlaw.com*

**KEKER & VAN NEST LLP**
Michael D. Celio (*pro hac vice*)
Benedict Y. Hur (*pro hac vice*)
Justina Sessions (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400
(415) 397-7188 Fax

*Attorneys for Defendant*
Facebook, Inc.

3450754